IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ALLEGIANCE LEASING, LLC, a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>TEXAS HELIJET, LLC, a Texas Limited Liability Company; ROBERT C. HOWIE, an individual; DOES 1-10 AND CORPS 1-10,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO AMEND AND DENYING PLAINTIFF'S MOTIONS TO DISMISS OR FOR A MORE DEFINITE STATEMENT & STRIKE AS MOOT<br><br>Case No. 1:15-CV-106 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion to Amend and Plaintiff's Motions to Dismiss or in the alternative, for a more Definite Statement & Strike. For the reasons discussed below, the Court grants Defendant's Motion to Amend and denies as moot Plaintiff's Motions to Dismiss or for a more Definite Statement & Strike.

## I. BACKGROUND

On January 3, 2014, Allegiance Leasing ("Allegiance") and Texas Helijet ("Helijet"), executed a Helicopter Lease Agreement ("Lease") for a 2000 Bell 206L4 Helicopter.[1] Helijet agreed to lease the helicopter for thirty-six months at the rate of $9,750 per month with an additional charge of $375 per flight hour with a ten-hour minimum per month for a total payment of no less than $13,500 per month.[2] Helijet had the opportunity to inspect the aircraft, but did not fly it due to weather conditions.[3] Nevertheless, relying on representations of Allegiance's

[1] Docket No. 3, at 5.
[2] *Id.* at 7.
[3] Docket No. 32-1, at 3.

staff,[4] Helijet signed the Lease accepting the helicopter "'as is,' 'where is' and with all faults and liabilities."[5] Helijet also signed a Delivery and Acceptance Receipt asserting that it

> constitute[ed] full, final, and unconditional acceptance of the Helicopter as being in full compliance with all terms, covenants, and conditions of the Lease [and that] the Helicopter is accepted 'as is' 'where is' and 'with all faults' and in its opinion the Helicopter is fit for the uses permitted under the Lease, is in good, safe, serviceable, and airworthy condition, that all systems and avionics are fully functional and operational, that all airworthiness directives and service bulletins have been complied with, and that any completion and configuration work has been performed to the LESSEE'S complete satisfaction.[6]

Helijet then took possession of the helicopter and flew it to its maintenance facility in Texas.[7] Inspection by the maintenance facility revealed serious defects with the helicopter that Helijet alleges that Allegiance either knew, or should have known.[8] Allegiance worked with the maintenance facility to approve repairs to the aircraft,[9] but the aircraft was not airworthy for most of 2014.[10] Helijet alleges that because of the lost airtime and resulting lost revenue, it exhausted its working capital and was unable to continue to pay on the lease.[11] Around March 2015, after having made $116,682 in lease payments,[12] Helijet stopped making payments, and Allegiance declared Helijet in default, and repossessed the helicopter.[13]

Allegiance filed its Complaint against Helijet on August 24, 2015, alleging Breach of Contract, Fraud, Misrepresentation, Alter Ego Liability, Unjust Enrichment, Detrimental

---

[4] *Id.*
[5] Docket No. 8, at 7.
[6] Docket No. 8, at 23.
[7] Docket No. 32-1, at 4.
[8] *Id.* at 6.
[9] *Id.* at 7.
[10] *Id.* at 8.
[11] *Id.*
[12] *Id.*
[13] Docket No. 29, at 5.

Reliance, and Promissory and Equitable Estoppel.[14] Helijet filed its Answer on October 28, 2015, with a Counterclaim alleging Fraud, Fraudulent Inducement, Negligent Misrepresentation, Fraudulent Nondisclosure, Unjust Enrichment, and Quantum Meruit. In response, on December 1, 2015, Allegiance filed a Motion to Dismiss, or in the alternative, For A More Definite Statement & Strike. In order to provide a more definite statement, Helijet requested and received an extension of time to respond to Allegiance. Helijet presumed this extension included consent to amend its Counterclaim. Thus, instead of responding, Helijet filed its First Amended Counterclaim on January 13, 2015. On January 28, 2016, Allegiance filed another Motion to Dismiss, or in the alternative, For A More Definite Statement & Strike, this time citing factual errors including the wrong last name of one of Allegiance's employees and the wrong website for Allegiance in the First Amended Counterclaim. Helijet again requested more time to respond. Allegiance stipulated to the extension of time to respond to the Motion, but would not consent to Helijet filing another amended Counterclaim. Therefore, on February 26, 2016, Helijet filed both an Opposition to Allegiance's Motion to Dismiss, a Motion for Leave to Amend Complaint, and a proposed Second Amended Counterclaim. On March 7, 2016, Allegiance filed its Reply to its Motion to Dismiss, an Opposition to the Helijet's Motion to Amend, and a Request to Submit for Decision the Motion to Dismiss. Helijet did not respond to Allegiance's opposition to its Motion to Amend and the time to do so has passed.

## II. DISCUSSION

"Rule 15 states that leave to amend 'shall be freely given when justice so requires.' We generally refuse leave to amend only on a 'showing of undue delay, undue prejudice to the

[14] Docket No. 3.

opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.'"[15]

Allegiance argues that Helijet's Motion to Amend should be denied because of Helijet's dilatory or bad-faith motivations, due diligence failures, and because amendment would be futile. The accusation of dilatory or bad-faith motivations and due diligence failures stems from the factual errors contained in Helijet's First Amended Counterclaim. The futility argument stems from Allegiance's assertion that Helijet has not plead its fraud claim with sufficient particularity, and is barred by the parol evidence rule from relying on any oral representations made by Allegiance before and during the lease period. These arguments will be discussed below.

"The purpose of [Rule 15] is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'"[16] "'The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.'"[17] The Court finds that Helijet's factual mistakes in its First Amended Counterclaim were inadvertent and not made in bad faith. Because courts should "grant leave to amend freely 'if it appears at all possible that the plaintiff can correct [any] defect,'"[18] this Court will allow Helijet to correct these factual errors.

Allegiance argues that allowing Helijet to again amend its Counterclaim is futile because even as amended, it fails to state a claim. "A proposed amendment is futile if the complaint, as

[15] *Duncan v. Manager, Dep't of Safety, City & Cty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005).

[16] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc–Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

[17] *Triplett v. Leflore Cty, Okla.*, 712 F.2d 444, 446 (10th Cir. 1983) (quoting *Conley v. Gibson*, 355 U.S. 41, 48 (1957)).

[18] *Id.* (quoting 3 Moore's Federal Practice, ¶ 15.10 & n. 2 (1983)).

amended, would be subject to dismissal."[19] Allegiance makes this argument both in its Motion to Dismiss and its Opposition to Helijet's Motion to Amend. In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Counterclaim Plaintiff as the nonmoving party.[20] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the [counterclaim] alone is legally sufficient to state a claim for which relief may be granted."[21]

The Court finds that, notwithstanding the factual errors, Helijet's fraud claim is sufficiently pled. "Rule 9(b) requires that a plaintiff set forth the who, what, when, where and how of the alleged fraud."[22] In a Rule 9(b) analysis, "[w]e confine our analysis to the text of the complaint."[23] Except for the factual errors of the last name of one of Allegiance's employees, and reference to the wrong website,[24] Helijet has alleged with sufficient particularity which employees of Allegiance made the alleged misrepresentations to it during contract negotiations, the substance of those alleged misrepresentations, the timeframe when the alleged misrepresentations were made, where they were made, and how they influenced Helijet to lease a helicopter from Allegiance. Helijet alleges in its proposed Second Amended Counterclaim that

---

[19] *Jefferson Sch. Dist. No. R–1 v. Moody's Investor's Servs. Inc.*, 175 F.3d 848, 859 (10th Cir. 1999).

[20] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[21] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[22] *U.S. ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 727 (10th Cir. 2006) (internal quotation marks omitted).

[23] *Id.* at 726.

[24] Helijet corrected Zac Henderson's name in its proposed Second Amended Counterclaim, and correctly references text from Allegiance's actual website, but still refers to an "Exhibit C" with a screenshot of the wrong website. This may qualify as carelessness, but does not evidence bad faith.

"Chad Henderson, Kelly Kearns and Zac Henderson held themselves out . . . as 'experienced 135 operators' who just sold their own 'Part 135 Helicopter Operation.'"[25] Helijet also alleges that Mr. Kearns stated, "the subject aircraft was in 'good shape,' . . . and that the N206LM was a 'nice aircraft' for that purpose."[26] This occurred by both email and telephone in late November and early December 2013.[27] On December 16, 2013, representatives from Helijet, Rob Howie, and David Lewis, "flew out to Allegiance Leasing's Utah facility and received a recommendation and tour of two helicopters. Specifically, 'Kelly, Zac and Travis' negotiated with [Helijet]."[28] "On December 9, 2013, based on the stated representations by [Allegiance], [Helijet] attempted to enter into a leasing agreement [for a helicopter]."[29] The parties "continued to negotiate the final terms," and "[o]n December 31, 2013, [Helijet] wired $19,500 to [Allegiance] as a down payment towards a lease for a Bell Helicopter."[30] These allegations are stated with sufficient particularity to meet the requirements of Rule 9(b).

The Court also finds that the parol evidence rule does not necessarily bar a Counterclaim for fraud or other types of misrepresentation. In federal court, the application of the parol evidence rule is controlled by state law.[31] In Utah, the general rule is "that when parties have reduced to writing what appears to be a complete and certain agreement, it will be conclusively presumed, in the absence of fraud, that the writing contains the whole of the agreement between the parties."[32] Therefore, while it is true that the parol evidence rule bars extrinsic evidence of

---

[25] Docket No. 32-1, at 2.
[26] *Id.*
[27] *Id.*
[28] *Id.* at 3.
[29] *Id.*
[30] *Id.* at 4.
[31] *Wolt v. Sherwood, A Div. of Harsco Corp.*, 828 F. Supp. 1562, 1565 (D. Utah 1993).
[32] *Tangren Family Tr. v. Tangren*, 182 P.3d 326, 330 (Utah 2008).

parties' contract negotiations when the resulting contract is fully integrated and unambiguous,[33] the parol evidence rule makes an exception for fraud. "We have held that extrinsic evidence is appropriately considered, even in the face of a clear integration clause, where the contract is alleged to be a forgery, a joke, a sham, lacking in consideration, or where a contract is voidable for fraud, duress, mistake, or illegality."[34] Therefore, with the facts taken as true, Helijet's fraud and other allegations of misrepresentation are legally sufficient to state a claim.

The Court also finds that Helijet's equitable claims are pled in the alternative and are therefore permissible. Typically, equitable claims such as unjust enrichment and quantum meruit are only available when no contract exists.[35] However, should the contract at issue be voidable for fraud, then such equitable remedies could be available to Helijet.

## III. CONCLUSION

It is therefore

ORDERED that Defendants' Motion to Amend (Docket No. 32) is GRANTED. It is further

ORDERED that Plaintiff's Motions to Dismiss for Failure to State a Claim, or in the alternative, for a More Definite Statement & Strike (Docket Nos. 19 and 29) are DENIED as moot.

Defendant is directed to file an Amended Counterclaim within 14 days of this order.

DATED March 29th, 2016.

BY THE COURT:

Ted Stewart
United States District Judge

[33] *Id.*
[34] *Id.* at 330–31.
[35] *See Davies v. Olson*, 746 P.2d 264, 268 (Utah Ct. App. 1987).